PER CURIAM.
By complaint, appellants-plaintiffs alleged they were the owners of certain land in Leon County, Florida, and that appellee-defendant, without any right, had constructed a large electric power transmission line across their land. After taking extensive testimony, the trial court found that for a period in excess of 20 years the City and its predecessor utility company, as to the power line, had:
“. . . maintained [it] openly, adversely, continuously, uninterruptedly and with the knowledge of the servient owner for a period in excess of twenty years. The City, therefore, has an easement of way to continue the operation and maintenance of this power line across plaintiffs’ [appellants’] property. The easement is limited, however, to the right to continue the line over the same width of space occupied by the line during the period. The City does not have the right to occupy additional space with wires or guy wires not present during the period or to prohibit construction or planting by the owner that does not interfere with the space occupied by such wires, guy wires, or poles.”
After a careful review of the record, we conclude that the evidence supports the foregoing judgment of the trial court.
*461 By caveat, the trial court made the following observation in its final judgment:
“(It does not appear that there are poles on plaintiffs’ [appellants’] property at present; but if necessary to the maintenance of the line, they would have the right to place poles within the space under the line but could not require the removal of a structure by plaintiffs [appellants] for that purpose.)” [Emphasis not supplied.]
The record before us is devoid of any evidence which supports the foregoing gratuitous finding by the trial court, and appellants are correct in urging this Court to strike same from the final judgment. Upon remand the trial judge is directed to strike the above sentence from the final judgment; otherwise, the judgment appealed is affirmed.
Affirmed in part; reversed in part, and remanded with directions.
RAWLS, C. J., and JOHNSON and CARROLL, DONALD K., JJ., concur.